Dennis Michael VARNADO,
Petitioner–Appellant,

v.

FEDERAL BUREAU OF PRISONS;
E.J. Gallegos, Respondents–
Appellees.

No. 01–1265.

United States Court of Appeals,
Tenth Circuit.

Dec. 13, 2001.

Before EBEL, KELLY, and LUCERO,
Circuit Judges.

### ORDER AND JUDGMENT *

PAUL KELLY, JR., Circuit Judge.

Petitioner–Appellant Dennis Michael Varnado, an inmate appearing pro se, appeals from the district court's denial of his habeas petition filed pursuant to 28 U.S.C. § 2241. The district court rejected his claim that the Bureau of Prisons (BOP) erred in calculating his sentence, specifically that the federal sentencing court intended that he serve his federal concurrently with a prior state sentence. Mr. Varnado seeks recalculation of his federal sentence and credit towards his federal sentence for prior custody.

Defendant was arrested on November 14, 1988 in Oregon. An Oregon state court sentenced Mr. Varnado to concurrent five-year prison terms. The federal government then charged him with being a felon in possession of a firearm. On May 21, 1990, an Oregon federal district judge sentenced Mr. Varnado to 71 months in prison. The BOP determined that the fed-

---

* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

eral sentence began on February 15, 1991, when Oregon released him. Then, on September 8, 1992, after he had begun serving his federal sentence, Judge Redden resentenced Mr. Varnado to 180 months in prison on the federal charge. The BOP determined not to count against his federal sentence the time that he already spent in State custody.

■ "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Despite the lack of indication in the judgment, Mr. Varnado contends that Judge Redden intended that his federal and state sentences run concurrently. To support his argument, Mr. Varnado points to three of Judge Redden's statements made at the sentencing hearing and a 1998 letter written from Judge Redden. We agree with the district court that none of these statements proves Judge Redden's intent that his federal sentence run concurrently with his Oregon state sentence.

At the sentencing hearing, Judge Redden made the following statements:

"[The minimum that can be given is 180 months and that of course is with credit for time served."

Petition Attach. B, lines 9–11.

"Defendant is presently in custody and is not viewed as suitable for voluntary surrender. He shall receive credit for time served to date."

Petition, Attach. D, lines 14–16.

"[The BOP] will calculate [the sentence] and give him credit for all the time that he was incarcerated on this matter. I, of course, have no memory of how many days he has been incarcerated. The matter has been, of course, up and down in the courts as well as the original sentence having been postponed for some period of time. Whether he spent that time in jail or not, I don't know. He should get credit for time served from the time he was arrested and put in jail on this charge."

Petition, Attach. E, lines 3–11.

None of these statements reflect Judge Redden's intent that Mr. Varnado's federal sentence run concurrently to the state sentences. Mr. Varnado was resentenced on the federal charge after serving time on the original federal sentence. Judge Redden's statements merely indicate that he should be credited for the time already served on the federal sentence.

The October 1, 1998 letter written to by Judge Redden in response to Mr. Varnado's motion seeking jail credit reads in part:

"At the time of your resentencing, I made it very clear in the sentencing order that you shall receive credit for time served. Also, I made it very clear in my finding of fact order that it was my recommendation to the Bureau of Prisons that you should receive jail credit from the time you were arrested on the instant offense."

Petition, Attach. F.

■ The written statement is clear and unambiguous. Judge Redden does not mention concurrent sentences and clearly recognized that he had no authority to confer credit for previous custody—that authority is reserved for the BOP. *See United States v. Wilson*, 503 U.S. 329, 334–35, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992).

■ We agree with the district court that Mr. Varnado has not overcome the presumption in 18 U.S.C. § 3584 that his federal sentence, imposed at a different time than the state sentences, runs consecutively to his state sentences. Further, pursuant to 18 U.S.C. § 3585(b), no federal

credit can be awarded for prior custody because that time was credited to his state sentences. *Wilson*, 503 U.S. at 337.

AFFIRMED.